## CAUSE NO. 15-50698

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### MARTIN E. OGDEN,

Plaintiff — Appellant

vs.

### MEGAN J. BRENNAN, Postmaster General of the United States Postal Service,

Defendant — Appellee

---

Appealed from SA-14-CV-0770-HLH in the
United States District Court for the
Western District of Texas, San Antonio Division
The Honorable Harry Lee Hudspeth Presiding

---

## RECORD EXCERPTS

---

# **Table of Contents**

Document                                                                 Tab

The Civil Docket Sheet .............................................. 1

Plaintiff's Notice of Appeal ......................................... 2

The Judgment ....................................................... 3

Order Granting Motion for Summary Judgment ......................... 4

1

APPEAL,PMA

# U.S. District Court [LIVE]
# Western District of Texas (San Antonio)
# CIVIL DOCKET FOR CASE #: 5:14-cv-00770-HLH

Ogden v. Postal Service
Assigned to: Judge Harry Lee Hudspeth
Demand: $100,000
Cause: 42:2000 Job Discrimination (Age)

Date Filed: 08/29/2014
Date Terminated: 07/16/2015
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

## Plaintiff

**Mr Martin E. Ogden**

represented by **Markes E. Kirkwood , Sr.**
Law Offices of Markes E. Kirkwood
P.L.L.C.
2600 McCullough
San Antonio, TX 78212
(210) 532-1000
Fax: 210/572-7575
Email: kirkwoodmarkes@yahoo.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Patrick R. Donahoe**
*Postmaster General of the United States*
*Postal Service*

represented by **Robert Shaw-Meadow**
U.S. Attorney's Office
601 N.W. Loop 410
Suite 600
San Antonio, TX 78216
(210) 384-7355
Fax: 210/384-7312
Email: rob.shaw-meadow@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2014 | 1 (p.5) | COMPLAINT *Martin Ogden* ( Filing fee $ 400 receipt number 0542-6782911), filed by Martin E Ogden. (Attachments: # 1 (p.5) Exhibit Exhibit A, # 2 (p.32) Exhibit Exhibit B)(Kirkwood, Markes) (Entered: 08/29/2014) |
| 08/29/2014 | 2 (p.32) | REQUEST FOR ISSUANCE OF SUMMONS by Martin E Ogden. (Kirkwood, Markes) (Main Document 2 replaced on 8/10/2015) (mgr). (Entered: 08/29/2014) |
| 08/29/2014 | 3 (p.34) | NOTICE of Attorney Appearance by Markes E. Kirkwood, Sr on behalf of Martin E Ogden (Kirkwood, Markes) (Main Document 3 replaced on 8/10/2015) (mgr). (Entered: 08/29/2014) |
| 08/29/2014 | 4 (p.35) | NOTICE *Information Sheet* by Martin E Ogden re 1 (p.5) Complaint (Kirkwood, |

| | | Markes) (Main Document 4 replaced on 8/10/2015) (mgr). (Entered: 08/29/2014) |
|---|---|---|
| 08/29/2014 | | Case Assigned to Judge Harry Lee Hudspeth. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (aej) (Entered: 09/03/2014) |
| 08/29/2014 | | If ordered by the court, all referrals will be assigned to Magistrate Judge Mathy (aej) (Entered: 09/03/2014) |
| 09/03/2014 | 5 (p.37) | Summons Issued as to Patrick R. Donahoe, U.S. Attorney and U.S. Attorney General (aej) (Entered: 09/03/2014) |
| 10/06/2014 | 6 (p.39) | NOTICE *of Filing Improper Service Letter* by Patrick R. Donahoe (Attachments: # 1 (p.5) Exhibit 1)(Shaw-Meadow, Robert) (Entered: 10/06/2014) |
| 11/04/2014 | 7 (p.43) | SUMMONS Returned Executed by Martin E. Ogden. Martin E. Ogden served on 9/24/2014, answer due 11/24/2014. (Kirkwood, Markes) Modified docket text on 11/4/2014 (aej). (Entered: 11/04/2014) |
| 11/04/2014 | 8 (p.46) | SUMMONS Returned Executed by Martin E. Ogden. Martin E. Ogden served on 10/3/2014, answer due 12/2/2014. (Kirkwood, Markes) (Entered: 11/04/2014) |
| 11/04/2014 | 9 (p.49) | SUMMONS Returned Executed by Martin E. Ogden. Martin E. Ogden served on 10/8/2014, answer due 12/8/2014. (Kirkwood, Markes) (Entered: 11/04/2014) |
| 12/08/2014 | 10 (p.52) | ANSWER to Complaint by Patrick R. Donahoe.(Shaw-Meadow, Robert) (Entered: 12/08/2014) |
| 12/09/2014 | 11 (p.64) | SCHEDULING ORDER: Jury Selection and Jury Trial set for 6/22/2015 1:00 PM before Judge Harry Lee Hudspeth, ADR Report Deadline due by 2/9/2015, Amended Pleadings due by 1/9/2015, Discovery due by 4/20/2015, Joinder of Parties due by 1/9/2015, Motions due by 4/30/2015. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 12/09/2014) |
| 01/07/2015 | 12 (p.66) | ***DOCUMENT IS DEFICIENT, MISSING CERTIFICATE OF SERVICE***AMENDED COMPLAINT *First Amended* against All Plaintiffs amending, filed by Martin E. Ogden. (Attachments: # 1 (p.5) Errata Exhibit A, # 2 (p.32) Exhibit Exhibit B, # 3 (p.34) Exhibit Exhibit C, # 4 (p.35) Exhibit Exhibit D)(Kirkwood, Markes) Modified on 1/8/2015 to designate deficiency(aej). (Entered: 01/07/2015) |
| 01/08/2015 | 13 (p.118) | DEFICIENCY NOTICE:***NOTIFIED COUNSEL THAT DOCUMENT IS DEFICIENT -MISSING CERTIFICATE OF SERVICE*** re 12 (p.66) Amended Complaint (aej) (Entered: 01/08/2015) |
| 01/08/2015 | 14 (p.119) | AMENDED COMPLAINT *First Amended* against All Plaintiffs amending, filed by Martin E. Ogden. (Attachments: # 1 (p.5) Exhibit Exhibit B, # 2 (p.32) Exhibit Exhibit C, # 3 (p.34) Exhibit Exhibit D, # 4 (p.35) Exhibit Exhibit A)(Kirkwood, Markes) (Entered: 01/08/2015) |
| 01/20/2015 | 15 (p.155) | *First Amended Answer to Plaintiff's First Amended Original Complaint* ANSWER to Complaint by Patrick R. Donahoe.(Shaw-Meadow, Robert) (Entered: 01/20/2015) |
| 02/09/2015 | 16 (p.169) | ADR Report Filed - NON-CONSENT to Alternate Dispute Resolution (ADR) by Patrick R. Donahoe(Shaw-Meadow, Robert) (Entered: 02/09/2015) |

| 04/21/2015 | 17 (p.172) | Unopposed MOTION for Protective Order by Patrick R. Donahoe. (Shaw-Meadow, Robert) (Entered: 04/21/2015) |
|---|---|---|
| 04/22/2015 | 18 (p.177) | AGREED PRIVACY ACT PROTECTIVE ORDER GRANTING 17 (p.172) Motion for Protective Order. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 04/22/2015) |
| 04/30/2015 | 19 (p.179) | APPENDIX by Patrick R. Donahoe. (Attachments: # 1 (p.5) Exhibit APPX 001-401)(Shaw-Meadow, Robert) (Entered: 04/30/2015) |
| 04/30/2015 | 20 (p.582) | STATEMENT OF FACTS *IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT* by Patrick R. Donahoe. (Shaw-Meadow, Robert) (Entered: 04/30/2015) |
| 05/01/2015 | 22 (p.595) | ORDER Striking Pleading 21 MOTION for Summary Judgment . Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 05/01/2015) |
| 05/01/2015 | 23 (p.596) | Opposed MOTION for Extension of Time to File *Motion for Summary Judgment* by Patrick R. Donahoe. (Attachments: # 1 (p.5) Exhibit Motion for Summary Judgment)(Shaw-Meadow, Robert) (Entered: 05/01/2015) |
| 05/04/2015 | 24 (p.611) | REPLY to Response to Motion, filed by Martin E. Ogden, re 23 (p.596) Opposed MOTION for Extension of Time to File *Motion for Summary Judgment* filed by Defendant Patrick R. Donahoe *Plaintiffs Objection and Reply to Defendants Motion for Leave to File Motion for Summary Judgment One Day Beyond Deadline* (Attachments: # 1 (p.5) Exhibit Exhbibit A, # 2 (p.32) Proposed Order Proposed O)(Kirkwood, Markes) (Entered: 05/04/2015) |
| 05/04/2015 | 25 (p.618) | ORDER GRANTING 23 (p.596) Motion for Extension of Time to File Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 05/04/2015) |
| 05/04/2015 | 26 (p.619) | MOTION for Summary Judgment by Patrick R. Donahoe. (aej) (Entered: 05/04/2015) |
| 05/04/2015 | 27 (p.630) | Unopposed MOTION to Extend Scheduling Order Deadlines *Trial Setting and Rule 16(e) Submissions* by Patrick R. Donahoe. (Shaw-Meadow, Robert) (Entered: 05/04/2015) |
| 05/05/2015 | 28 (p.634) | ORDER GRANTING 27 (p.630) Motion to Extend Scheduling Order Deadlines Jury Selection and Jury Trial reset for 8/3/2015 01:00 PM before Judge Harry Lee Hudspeth. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 05/05/2015) |
| 05/12/2015 | 29 (p.635) | MOTION for Extension of Time to File Response/Reply as to 26 (p.619) MOTION for Summary Judgment by Martin E. Ogden. (Attachments: # 1 (p.5) Proposed Order Proposed Order)(Kirkwood, Markes) (Entered: 05/12/2015) |
| 05/13/2015 | 30 (p.638) | ORDER GRANTING 29 (p.635) Motion for Extension of Time to File Response/Reply. Plaintiff shall file his response no later than May 19, 2015. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 05/13/2015) |
| 05/19/2015 | 31 (p.639) | MOTION for Leave to Exceed Page Limitation by Martin E. Ogden. (Attachments: # 1 (p.5) Proposed Order, # 2 (p.32) laintiffs Response to Defendants Motion for Motion for Summary Judgment)(Kirkwood, Markes) (Entered: 05/19/2015) |
| 05/19/2015 | 32 (p.655) | STATEMENT OF FACTS by Martin E. Ogden re 34 (p.1024) Response to 26 (p.619) Motion for Summary Judgment. (Attachments: # 1 (p.5) Exhibit Exhibit A, # 2 (p.32) Exhibit Exhibit B, # 3 (p.34) Exhibit Exhibit C, # 4 (p.35) Exhibit Exhibit |

| | | D, # 5 (p.37) Exhibit Exhibit E, # 6 (p.39) Exhibit Exhibit F, # 7 (p.43) Exhibit Exhibit G, # 8 (p.46) Exhibit Exhibit H, # 9 (p.49) Exhibit Exhibit I, # 10 (p.52) Exhibit Exhibit J, # 11 (p.64) Exhibit Exhibit K, # 12 (p.66) Exhibit Exhibit L, # 13 (p.118) Exhibit Exhibit M, # 14 (p.119) Exhibit Exhibit N)(Kirkwood, Markes) Modified on 5/21/2015, to link to docs #26 & #34 (rf). (Entered: 05/19/2015) |
|---|---|---|
| 05/20/2015 | 33 (p.1023) | ORDER GRANTING 31 (p.639) Motion for Leave to File Excess Pages. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 05/20/2015) |
| 05/20/2015 | 34 (p.1024) | RESPONSE to Motion, filed by Martin E. Ogden, re 26 (p.619) MOTION for Summary Judgment filed by Defendant Patrick R. Donahoe (aej) (Entered: 05/20/2015) |
| 05/29/2015 | 36 (p.1037) | ORDER Striking Pleading 35 Reply to Response to Motion. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 05/29/2015) |
| 05/29/2015 | 37 (p.1038) | MOTION for Leave to File Reply by Patrick R. Donahoe. (Attachments: # 1 (p.5) Exhibit)(Shaw-Meadow, Robert) (Entered: 05/29/2015) |
| 05/30/2015 | 38 (p.1048) | ADVISORY TO THE COURT by Patrick R. Donahoe. (Shaw-Meadow, Robert) (Entered: 05/30/2015) |
| 06/01/2015 | 39 (p.1050) | NOTICE of Filing Attorney Vacation Letter by Patrick R. Donahoe (Shaw-Meadow, Robert) (Entered: 06/01/2015) |
| 06/01/2015 | 40 (p.1051) | ORDER GRANTING 37 (p.1038) Motion for Leave to File. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 06/01/2015) |
| 06/01/2015 | 41 (p.1052) | RESPONSE in Support filed by Patrick R. Donahoe, re 26 (p.619) MOTION for Summary Judgment filed by Defendant Patrick R. Donahoe (aej) (Entered: 06/01/2015) |
| 07/06/2015 | 42 (p.1059) | NOTICE of Attorney Vacation Notification by Patrick R. Donahoe (Shaw-Meadow, Robert) (Entered: 07/06/2015) |
| 07/16/2015 | 43 (p.1060) | ORDER GRANTING 26 (p.619) Motion for Summary Judgment. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 07/16/2015) |
| 07/16/2015 | 44 (p.1072) | JUDGMENT in favor of Defendant. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 07/16/2015) |
| 07/20/2015 | 45 (p.1073) | BILL OF COSTS $1573.80 by Patrick R. Donahoe. (Attachments: # 1 (p.5) Appendix List and Invoices)(Shaw-Meadow, Robert) (Entered: 07/20/2015) |
| 07/25/2015 | 46 (p.1085) | Appeal of Final Judgment 44 (p.1072) by Martin E. Ogden. ( Filing fee $ 505 receipt number 0542-7644135) (Kirkwood, Markes) (Entered: 07/25/2015) |
| 07/25/2015 | | NOTICE OF APPEAL following 46 (p.1085) Notice of Appeal (E-Filed) by Martin E. Ogden. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out Form DKT-13 (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (aej) (Entered: 07/27/2015) |

2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **MARTIN E. OGDEN** | § |
| **Plaintiff** | § |
| | § |
| **vs.** | §    **CIVIL NO.  SA-14-CA-0770 HLH** |
| | § |
| **MEGAN J. BRENNAN** | § |
| **POSTMASTER GENERAL** | § |
| **U.S. POSTAL SERVICE** | § |
| **Plaintiff** | § |

### PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Martin Ogden, in the above named case, hereby

appeals to the United States court of Appeals for the Fifth Circuit from the Order Granting Motion

for Summary Judgment and Judged entered in this case on July 16, 2015.

Respectfully Submitted

/s/ **Markes E. Kirkwood**

MARKES E KIRKWOOD
Attorney at Law
Texas Bar Number: 24032509

LAW OFFICES OF MARKES E. KIRKWOOD
P.L.L.C.
2600 McCullough Avenue
San Antonio, Texas 78212
Phone: (210) 532-1000
Fax: (210) 572-7575 / (210) 736-2212
Attorney for Plaintiff:   Martin Ogden

1

## CERTIFICATE OF SERVICE

I, Markes E. Kirkwood, hereby certify that on the July 25, 2015, a true and correct copy of

Plaintiff's Notice of Appeal has been served Attorney for Defendant, Robert Shaw-Meadow, on

this 26th day of July, 2015 through the Clerk of the court using the CM/ECF System

/s/ *Markes E. Kirkwood*

MARKES E. KIRKWOOD
Attorney at Law

2

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| MARTIN E. OGDEN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. SA-14-CA-770 |
| | § | |
| MEGAN J. BRENNAN, | § | |
| Postmaster General, | § | |
| U.S. Postal Service | § | |
| | § | |
| Defendant | § | |

## JUDGMENT

In accordance with the Order Granting Motion for Summary Judgment this day entered in the above-styled and numbered cause,

It is ORDERED, ADJUDGED AND DECREED that Judgment be, and it is hereby, ENTERED in favor of Defendant and that Plaintiff take nothing by his suit.

It is FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff pay the costs of suit herein incurred, for which let execution issue.

SIGNED AND ENTERED this 16th day of July, 2015.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| MARTIN E. OGDEN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. SA-14-CA-770 |
| | § | |
| MEGAN J. BRENNAN, | § | |
| Postmaster General, | § | |
| U.S. Postal Service | § | |
| | § | |
| Defendant | § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Martin E. Ogden is an employee of the United States Postal Service. He brings this civil action against Postmaster General Brennan, alleging discrimination, retaliation, and hostile work environment based on his age and his prior Equal Employment Opportunity ("EEO") involvement.[1] Defendant Brennan has filed a motion for summary judgment, Plaintiff responded and Defendant replied. Having considered the motion, the Court finds that there is no genuine dispute as to material facts, and the Defendant is entitled to judgment in her favor as a matter of law.

### I.   Background

---

[1] Ogden asserts a vague claim of disability discrimination, which the Court will not address because it was not administratively exhausted.

1

The summary judgment evidence establishes the following facts: Plaintiff Martin E. Ogden is employed as a letter carrier at the Valley Hi Postal Station in San Antonio, Texas. He is seventy-five years old and by his own account, has pursued at least 20 separate EEO claims against the Postal Service. His complaint in this case accuses the Postal Service of age discrimination, retaliation, and hostile work environment in connection with six different events: (1) that he was denied leave on November 28, 2012; (2) that he was issued a letter of warning on June 8, 2013, for a vehicle accident; (3) that he was harassed about missed "scan points;" (4) that he was "followed on the street on a daily basis;" (5) that he was subjected to "unsafe working conditions" on August 15, 2014; and, (6) that he was subjected to "derogatory statements."[2] Each claim will be addressed in turn.

## A. Leave Denial Claim

On October 18, 2012, Ogden submitted to a supervisor a request for two and one-half hours leave he desired to take on November 28, 2012. The Closing P.M. Supervisor[3] then gave Ogden's leave request to the A.M. Supervisor, Frank Jimenez, who had the

---

[2] Ogden alleges that management called him unspecified names and degraded him. These allegations are too vague and nonspecific to present a cognizable hostile work environment claim and will not be addressed by the Court.

[3] The Closing P.M. Supervisor, Mr. John Lomba, did not have the authority to approve or deny Ogden's leave request.

2

authority to approve or deny the request. Based on a lack of communication between Ogden and his supervisor, it was never clearly indicated to Ogden whether the request for leave was granted or denied. However, Ogden claims this lack of communication amounted to a denial of his request. Defendant asserts it is the informal procedure of the Valley Hi Postal Station for employees to remind their supervisors about pending leave requests, which Ogden did not do. The actual leave request form shows that Ogden's request was neither approved nor disapproved by his supervisor. Ogden never inquired about the status of his leave request and did not take his requested leave on November 28, 2012. Ogden contends that his request for leave was not approved because of his age, and his prior EEO activities.

**B. Letter of Warning**

On May 13, 2013, Ogden's postal delivery vehicle was hit by a private vehicle while the postal vehicle was parked at a convenience store. Representatives from the Postal Service inspected the scene of the accident and determined that Ogden's postal delivery vehicle was improperly parked, and he was therefore at fault. Ogden's supervisor issued him a letter of warning about the incident on June 8, 2013. Ogden then filed a grievance. The letter of warning was subsequently rescinded by agreement and changed to an "official discussion." Ogden now

3

asserts that issuing him a letter of warning amounted to age discrimination, retaliation, and a hostile work environment.

## C. Missed "Scan Points"

On every postal route, letter carriers are required to manually scan "scan points" with hand-held scanners. The scanners read bar codes which are placed at various locations along the postal route. The supervisors at the Valley Hi Station receive a daily report of each letter carrier's "scan points," and question any employee who fails to scan the required "scan points" on their route. There were approximately 13 "scan points" along Ogden's route. Ogden was reprimanded for missing some of his "scan points" on various occasions. Ogden admits that management would "chastise...almost every carrier at the station" if they missed their "scan points." However, Ogden asserts that he was reprimanded because of his age, and his EEO activities.

## D. Street Observations

During 2013, the Valley Hi Postal Station was required to participate in a "street management" program because of its poor performance, according to internal Postal Service standards. As a part of the program, supervisors were required to observe letter carriers on their routes and provide feedback and training in order to improve carrier performance. Additionally, Postal Service policy requires the station managers to

4

"[o]bserve carriers to assure their performance of duties;" and to "[d]etermine if the carriers' reporting, leaving, returning, and ending time is consistent with established schedules." Specifically, Policy M-39 recognizes that "[s]treet management is a natural extension of office management. All carriers are to be notified to expect daily supervision on the street...[a]ccompanying carriers on the street is considered an essential responsibility of management and one of management's most important duties." Section 16 of the City Delivery Carriers Duties and Responsibilities handbook notified the carriers that they "may expect to be supervised at all times while in the performance of their daily duties."

On June 7, 2013, Ogden filed a grievance, alleging that he was being "continually harassed over street time," and that "management had been following [him] 2-3 days a week for a couple of weeks" while he was on his delivery route. The grievance was resolved through the Rio Grande Dispute Resolution Team. The team, comprised of the union and management, determined that there was no violation because carriers may expect to be supervised at all times while in performance of their daily duties, and the street observations did not rise to the level of harassment. Nevertheless, Ogden asserts he was singled out for monitoring because of his age and prior EEO activities.

5

## E. Knee Injury

On August 15, 2014, a loading cart being pushed by another carrier bumped into an unsecured cart, which started a chain reaction resulting in the unsecured cart banging into Ogden's knee. Ogden's supervisor investigated the incident, and asked Ogden if he needed medical assistance. Ogden indicated that he did not. However, he now asserts that the investigation of the runaway cart incident was handled improperly; that he was discriminated against in the supervisor's investigation; and that he was subjected to unsafe working conditions.

## II. Applicable Law and Analysis

### A. Discrimination Claim

Ogden claims that he was discriminated against on the basis of his age. In order to establish a *prima facie* case of intentional age discrimination, a plaintiff must present direct evidence of discrimination, or he must show: (1) he is a member of a protected class; (2) he possessed the required qualifications for employment in his position; (3) despite his qualifications, he suffered an adverse employment action; and (4) that a member of another class who was similarly situated was treated more favorably. **McDonnell Douglas Corp. v. Green**, **411** U.S. 792, 802 (1973). If the plaintiff successfully

6

establishes a *prima facie* case, then the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action. **Okoye v. Univ. of Tex. Houston Health Sci. Ctr.**, 245 F.3d 507, 512 (5th Cir. 2001). If the employer does so, then the burden shifts back to the plaintiff to show that the defendant's proffered reason was pretext for unlawful discrimination. **Id.**

Ogden has failed to meet his burden of establishing a *prima facie* case as to the third element. The evidence indicates that he did not suffer an adverse employment action as a consequence of any of the above described incidents. The Fifth Circuit has held that "[a]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." **McCoy v. City of Shreveport,** 492 F.3d 551, 559 (5th Cir. 2007). Although denying leave may sometimes constitute an ultimate employment decision, one incident, in which leave was neither granted nor denied, cannot constitute an adverse employment action. See **Ogden v. Potter,** No. SA-08-CV-609-XR, 2010 WL 234727, at *3 (W.D. Tex. Jan. 14, 2010), **aff'd,** 397 Fed. Appx. 938 (5th Cir. 2010). Even if it could, Ogden's evidence fails to establish that his age was the "but for" cause cf the Postal Service's decision. Consequently, he cannot establish a *prima facie* case of age discrimination by his employer.

7

If Ogden had established his *prima facie* case, he nevertheless fails to raise a genuine issue of material fact as to whether Defendant's proffered reasons for its actions were a pretext for discrimination. Defendant has offered extensive summary judgment evidence that Ogden's leave was denied, he was reprimanded, and he was supervised in accordance with the regular business practices of the Postal Service. Ogden has not offered substantial evidence tending to prove Defendant's proffered legitimate, nondiscriminatory reasons are a pretext for discrimination. Thus, the Postal Service is entitled to judgment in its favor on the claim of age discrimination.

## B. Retaliation Claim

To establish a claim for retaliation, the plaintiff must show that (1) he engaged in a protected activity, (2) the employer took materially adverse action against him, and (3) a causal connection exists between the protected activity and the adverse employment action. **McCoy**, 492 F.3d at 556-57. To establish an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." **Burlington N. & Santa Fe Ry. Co. v. White**, 548 U.S. 53, 68 (2006). The allegedly adverse

8

event must be "material" because it is important to separate
significant harm from trivial harms. **Id.**

Denial of leave can be an adverse employment action if the
denial is substantial. **Mota v. Univ. of Tex. Houston Health Sci.
Ctr.**, 261 F.3d 512, 521-522 (5th Cir. 2001)(plaintiff was denied
six months of paid leave and an extension of unpaid leave).
However, minor or trivial denials of leave requests do not
constitute adverse employment actions. See **Gregory v. Tex. Youth
Comm'n**, 45 Fed. Appx. 323 (5th Cir. 2002). The alleged denial of
Ogden's leave request does not qualify as an adverse employment
action because it was not substantial.

By the same token, the letter of warning issued by the
Postal Service to Ogden does not constitute a materially adverse
employment action. See **DeHart v. Baker Hughes Oilfield
Operations, Inc.**, 214 Fed. Appx. 437, 442 (5th Cir. 2007).
Irrespective of the current status of the letter, there was a
colorable ground for the warning: that the postal vehicle was
improperly parked. See **Ogden,** 2010 WL 234727 at *4.

It is also clear that being reprimanded for missed "scan
points" and being observed while performing letter carrier
duties do not constitute materially adverse employment actions.
Additionally, Ogden's allegations are insufficient to rebut the
Postal Service's contention that the scan point reprimands and
street supervisions initiated were because of Valley Hi's poor

9

performance rating. Furthermore, Ogden does not counter the Defendant's representation that other carriers were also reprimanded.and supervised, nor does he show how his treatment differed from the other employees.

With respect to the runaway cart incident, Ogden asserted that the investigation was not properly handled and the Service retaliated against him. It is clear from the summary judgment evidence that the employer did not take a materially adverse employment action against Ogden, nor was his injury so severe as to create a hostile work environment. It appears that the supervisor acted reasonably, for legitimate business reasons and without any discriminatory or retaliatory animus.

The burden shifts to Ogden to demonstrate that the Postal Service's proffered reasons are not true but instead are a pretext for a real retaliatory purpose. **McCoy,** 492 F.3d at 557. "To carry this burden, the plaintiff must rebut each nondiscriminatory or non-retaliatory reason articulated by the employer." **Id.** Ogden responds with nothing more than conclusory statements, which are insufficient to rebut the Postal Service's contention that its actions were non-retaliatory.

## C. Hostile Work Environment

An employee is subjected to a "hostile work environment," when the workplace is permeated with discriminatory

10

intimidation, ridicule, and insult that is so severe or
pervasive as to alter the conditions of employment and create an
abusive working environment. **Jackson v. Honeywell Int'l, Inc.**,
601 Fed. Appx. 280, 287 (5th Cir. 2015). To prevail on a claim
for hostile work environment in relation to age discrimination,
a plaintiff must prove: (1) that he was over the age of 40; (2)
that he was subjected to unwelcome harassment based on age; (3)
that the nature of the harassment was such that it created an
objectively intimidating, hostile, or offensive work
environment; and, (4) that there exists some basis for liability
on the part of the employer. **Id.** The harassment must affect a
"term, condition, or privilege" of the Plaintiff's employment
and it must be "severe or pervasive". **Hernandez v. Yellow
Transp., Inc.**, 670 F.3d 644, 651 (5th Cir. 2012).

It is not objectively reasonable to find that the alleged
incidents, either singly or in combination, constituted severe
and pervasive harassment. Considering all of the circumstances,
the actions of the Postal Service did not constitute such severe
and pervasive conduct that it created a hostile work
environment.

**III. Conclusion**

It is therefore ORDERED that Defendant's motion for summary
judgment (Doc. No. 26) be, and it is hereby GRANTED.

11

It is further ORDERED that judgment be, and it is hereby, entered in favor of the Defendant, and that Plaintiff take nothing by his suit.

SIGNED AND ENTERED this  16th  day of July, 2015.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

12

5

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing APPELLANT'S RECORD EXCERPTS has been electronically filed in the office of the Clerk for the United States Court of Appeals for the Fifth Circuit and a true and correct copy of the same has been provided to counsel listed below through that system on this 22nd day of September, 2015.

Richard L. Durbin, Jr. -Counsel for Appellee
Acting United States Attorney
Robert Shaw-Meadow
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

s/Markes E. Kirkwood
Markes E. Kirkwood